# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

**NAUTILUS INSURANCE COMPANY**
*as subrogee of*
**ELECTRO FINISHING, INC.,**

      **Plaintiff,**

Civil Action No.: 7:19-cv-380

v.

**APPALACHIAN POWER COMPANY,**

      **Defendant.**

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT JOHN MOORE

---

**CLAUSEN MILLER, P.C.**
Robert A. Stern, Esq. (*pro hac vice*)
Colin J. Gorman, Esq. (*pro hac vice*)
28 Liberty Street, 39th Floor
New York, N.Y. 10005
(212) 805-3900
*Attorneys for Plaintiff*

-and-

**GLENN ROBINSON CATHEY MEMMER & SKAFF, PLC**
Johneal M. White, Esq. (VSB #74251)
400 Salem Avenue, S.W., Suite 100
Roanoke, Virginia 24016
(540) 767-2200

1

**PRELIMINARY STATEMENT**

Plaintiff, Nautilus Insurance Company as subrogee of Electro Finishing, Inc. (hereinafter "Plaintiff"), respectfully submits this Memorandum of Law in Opposition to Defendant, Appalachian Power Company's (hereinafter "Defendant") Motion to Exclude the Testimony of Plaintiff's Expert John Moore. Plaintiff's expert, John Moore, is a licensed fire investigator with years of training and experience in the area of fire origin and cause investigation that more than qualify him to testify in this case.

**STATEMENT OF RELEVANT FACTS**

This case for property damage arises from a fire that occurred at Electro Finishing, Inc.'s workshop, located at 6817 West Lee Highway, Rural Retreat, Virginia (hereinafter the "Premises") on June 3, 2018. At all relevant times, Plaintiff issued a policy of property insurance (hereinafter the "Policy") to Electro Finishing, Inc. (hereinafter the "Insured"). At all relevant times, Defendant provided electricity to the Premises through above-ground electrical cables, over which Defendant had complete ownership, custody and control.

Prior to the date of loss, the electrical cables serving the Premises started to hang lower, approaching the metal roof of the Premises. Over the course of time, the electrical cables continued to rub against the metal roof of the Premises, wearing down the insulation of the electrical cables. *See Moore Deposition* at 37. As a result, electrical arcing occurred, releasing sparks that ignited the wood framing of the roof. *See Moore Deposition at* 38. Subsequently, the Insured submitted a claim to Plaintiff for $160,319.00 for the property damage sustained as a result of the fire. Plaintiff indemnified the Insured pursuant to the Policy and is subrogated to the Insured's rights of recovery.

On October 26, 2018, Plaintiff put Defendant on notice of the loss and gave Defendant until November 10, 2018 to contact Plaintiff. See Letter Attached as **Exhibit A**. Plaintiff did not

receive a response to the notice letter until November 30, 2018, after which time the scene had already been cleared. See Letter Attached as **Exhibit B.** A joint inspection of the Premises was conducted on December 19, 2018. Defendant subsequently denied Plaintiff's claim for property damage. On May 17, 2019, Plaintiff filed the Complaint in this matter.

## ARGUMENT

.   Defendant's attempt to disqualify John Moore as a certified origin and cause fire investigator does not hold water. Defendants' motion is completely unsubstantiated and must be denied by the Court.

Virginia Evidence Rule 702 provides:

> In a civil proceeding, if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise. *Va. R. Sup. Ct. 2:702*

Mr. Moore more than meets the requirements to testify as an expert, set forth under *Va. R. Sup. Ct. 2:702*.  At the time of his fire scene investigation and report, Mr. Moore was a licensed fire investigator and a certified origin and cause expert.  By virtue of his training from the National Association of Fire Investigators and National Fire Protection Association ("NFPA"), Mr. Moore possesses the specialized knowledge to assist the trier of fact to understand the evidence and facts in issue in this case.

Defendant argues that Mr. Moore should be excluded from testifying as he did not conduct any testing or analysis on the Appalachian electrical conductor.  Mr. Moore conceded that he is not an electrical engineer and such electrical testing would typically be outside the area of his expertise.  With that said, one of Defendant's employees and/or technicians was at the scene on the date of the loss or soon thereafter and Defendant's employee and/or technician also removed

3

6377438.1

the electrical conductors and/or cables responsible for starting the fire from the Premises. *See Litz Deposition at 25.* Due to this fact, Mr. Moore was not able to conduct additional testing of the electrical cables and why no such analysis is contained in his report. To that end, Defendant has failed to disclose whether it retained the electrical cables as evidence or spoliated same. Defendant fails to recognize that it put Plaintiff and Mr. Moore in an untenable position by removing the electrical cables from the scene and not making them available for inspection. Defendant's repeated refusals to make the electrical cables available for inspection or testing appear to be an admission that it spoliated the electrical cables and failed to preserve them as evidence.

Furthermore, Defendant argues that the report prepared by Mr. Moore in adequate as it does not rule out alternative causes of the fire. Specifically, Defendant argues that Mr. Moore should have inspected the buffing machine and gun action. As stated in his deposition, Mr. Moore instructed the Insured, Mr. Litz, not to dispose of the buffing machine as it may be needed for further. *See Moore Deposition* at 49. To date, Mr. Litz confirmed in his testimony that both the buffing machine and the gun action are still in his possession at the Premises. Additionally, Mr. Moore did not believe the buffing machine to be a possible cause of the fire as it does not produce any sparks as it does not grind. *See Moore Deposition* at 51.

Lastly, Mr. Moore has 36 years of fire service and investigation experience. *See Moore Deposition* at 93. This is a wealth of knowledge in analyzing fire scenes, burn patterns and determining possible origin and cause scenarios. Using this knowledge, Mr. Moore was able to determine that the burn patterns indicated that there was an internal fire in the electrical panel near the southwest wall of the structure. Mr. Moore did not observe burn patterns elsewhere at the Premises that would point to a different point of origin. *See Moore Deposition* at 96.

6377438.1

Mr. Moore meets the requirements to provide expert testimony and should not be prevented from doing so. Mr. Moore possesses: (1) fire science and knowledge beyond the ken of the average juror; (2) the training and certification received by the NFPA where Mr. Moore's testimony can be sufficiently reliable; and (3) expertise that is more than sufficient to offer the intended testimony.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's Motion to Exclude the Testimony of Plaintiff's Expert John Moore, together with such other and further relief as this Court deems just and proper.

Respectfully submitted on this 6th day of November, 2020.

Respectfully submitted,

NAUTILUS INSURANCE COMPANY

By:   /s/ Colin J. Gorman
Colin J. Gorman, Esq. (*Pro Hac Vice*)
Robert A. Stern, Esq. (*Pro Hac Vice*)
CLAUSEN MILLER, PC
28 Liberty Street, 39th Fl.
New York, NY 10005
(212) 805-3900 – Phone
(212) 805-3939 – Fax
-and-

Johneal M. White (VSB #74251)
GLENN ROBINSON CATHEY MEMMER & SKAFF, PLC
400 Salem Avenue, S.W., Suite 100 Roanoke, Virginia  24016
jwhite@glennrob.com
(540) 767-2200 – Phone
(540) 767-2220 – Fax

6377438.1

*Counsel for Plaintiff*

-And-

To:    Mark D. Loftis, Esq.
        Woods Rogers PLC
        10 S. Jefferson Street, Suite 1400
        Roanoke, VA 24011

6

6377438.1