# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

**NAUTILUS INSURANCE COMPANY**
*as subrogee of*
**ELECTRO FINISHING, INC.,**

    **Plaintiff,**

                                Civil Action No.: 7:19-cv-380

v.

**APPALACHIAN POWER COMPANY,**

    **Defendant.**

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

**CLAUSEN MILLER, P.C.**
Robert A. Stern, Esq. (*pro hac vice*)
Colin J. Gorman, Esq. (*pro hac vice*)
28 Liberty Street, 39th Floor
New York, N.Y. 10005
(212) 805-3900
*Attorneys for Plaintiff*

-and-

**GLENN ROBINSON CATHEY MEMMER & SKAFF, PLC**
Johneal M. White, Esq. (VSB #74251)
400 Salem Avenue, S.W., Suite 100
Roanoke, Virginia 24016
(540) 767-2200

6377438.1

**PRELIMINARY STATEMENT**

Plaintiff, Nautilus Insurance Company as subrogee of Electro Finishing, Inc. (hereinafter "Plaintiff"), respectfully submits this Memorandum of Law in Opposition to Defendant, Appalachian Power Company's (hereinafter "Defendant") Motion for Summary Judgment. Defendant bases its motion on the argument that Plaintiff's expert, John Moore, should be precluded from testifying. Plaintiff disagrees with this assertion as set forth in its Oppositions to Defendant's Motion to Exclude. Furthermore, Plaintiff contends that there remain outstanding issues of fact that make Summary Judgment inappropriate.

**STATEMENT OF RELEVANT FACTS**

This case for property damage arises from a fire that occurred at Electro Finishing, Inc.'s workshop, located at 6817 West Lee Highway, Rural Retreat, Virginia (hereinafter the "Premises") on June 3, 2018. At all relevant times, Plaintiff issued a policy of property insurance (hereinafter the "Policy") to Electro Finishing, Inc. (hereinafter the "Insured"). At all relevant times, Defendant provided electricity to the Premises through above-ground electrical cables, over which Defendant had complete ownership, custody and control.

Prior to the date of loss, the electrical cables serving the Premises started to hang lower, approaching the metal roof of the Premises. Over the course of time, the electrical cables continued to rub against the metal roof of the Premises, wearing down the insulation of the electrical cables. As a result, electrical arcing occurred, releasing sparks that ignited the wood framing of the roof. Subsequently, the Insured submitted a claim to Plaintiff for $160,319.00 for the property damage sustained as a result of the fire. Plaintiff indemnified the Insured pursuant to the Policy and is subrogated to the Insured's rights of recovery.

On October 26, 2018, Plaintiff put Defendant on notice of the loss and gave Defendant

until November 10, 2018 to contact Plaintiff. Plaintiff did not receive a response to the notice letter until November 30, 2018, after which time the scene had already been cleared. A joint inspection of the Premises was conducted on December 19, 2018. Defendant subsequently denied Plaintiff's claim for property damage. On May 17, 2019, Plaintiff filed the Complaint in this matter.

## ARGUMENT

## POINT I

## THERE ARE GENUINE ISSUES OF MATERIAL FACT CONCERNING THE REASON FOR FIRE AT THE PREMISES PRECLUDING SUMMARY JUDGMENT

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) only when the moving party demonstrates that there are no genuine issues of material fact, and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).* A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).* Even if the facts are undisputed, a disagreement over what inferences may be drawn from the facts can often precludes a grant of summary judgment.

In this case it is clear that material facts are in dispute. Namely, there is still a material difference in opinion as to the cause of this fire. Plaintiff has argued that the fire was caused by a failure of the electrical equipment belonging to Defendant, specifically overhead electrical conductors coming into contact with the roof of the Premises. Plaintiff bases its assertions on the findings of its Origin and Cause expert, John Moore. Furthermore, there is an issue of fact as to the preservation of the scene and evidence. Defendant claims to have not been given an opportunity

3

to inspect the evidence and/or Premises and accuses Plaintiff of spoliation. Plaintiff has long asserted that Defendant was put on notice of this claims and was independently aware of the fire with ample time to complete an inspection. Additionally, Defendant itself may have been responsible for removing some of the evidence, the overhead conductors specifically, from the Premises.

When the Court weights the evidence presented by the parties, " [t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Liberty Lobby, supra*, at 255. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.,* 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255). The court's role in deciding the merits of a summary judgment motion is to determine whether there is a genuine issue for trial, not to determine the credibility of the evidence or the truth of the matter. *Anderson*, 477 U.S. at 249.

Here, Plaintiff's expert report and its findings are to be given every justifiable inference in favor of Plaintiff.

"[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. However, the initial burden belongs to the moving party to show the absence of evidence. *See Celotex*, 477 U.S. at 325.

Defendant fails to meet its burden, as there are genuine issues for trial. The most crucial issue in dispute is what defect or electrical failure caused the fire at the Premises. The next issue

6377438.1

of fact is whether Defendant's act or omission caused the defect or electrical fire. Defendant has not been able to show any alternate cause of the fire but instead tries to argue for an absence of evidence by having Plaintiff's expert precluded. On the contrary, Plaintiff's expert has consistently held that the fire was electrical in nature and stemmed from the electrical conductors coming into contact with the roof of the structure. Defendant's attempts to discredit Plaintiff's expert, in the face of Plaintiff's contradictory expert report, are insufficient here and show that an issue of fact remains.

## POINT II

### PLAINTIFF'S EXPERT REPORT SATISFIES THE DAUBERT STANDARD

Defendant's motion hinges on the argument the Plaintiff's expert testimony should be precluded and as such, without expert testimony, Plaintiff has no admissible evidence. Plaintiff sternly disagrees. Plaintiff's expert, John Moore, more than meets the analysis set forth in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) in contradiction to Defendant's failed attempts to prove otherwise. Plaintiff's expert has many years of experience and specialized knowledge from his career as a certified fire investigator and as a fireman that will assist the trier of fact to understand the facts surrounding the origin and cause of the fire.

*Federal Rule of Evidence 702* provides that if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. *Federal Rule of Evidence 702* states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

*Fed. R. Evid. 702.*

In evaluating whether a particular methodology is reliable, a trial court should consider the several factors enunciated in *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) These factors may include: (1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put. "The inquiry envisioned by Rule 702 is . . . a flexible one." *Daubert*, 509 U.S. at 594, 113 S.Ct. 2786.

The Court, exercising its sound discretion, serves as a gatekeeper to prevent expert testimony that falls short of these requirements from reaching the jury. *Daubert,* 509 U.S. at 592-95. Nevertheless, "[t]he Rule's basic standard of relevance . . . is a liberal one." Id. at 587. Within the principles outlined above, a judge has "the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." *Kumho Tire Co., Ltd, v. Carmichael,* 526 U.S. 137, 142, 119 S. Ct. 1167. 143 L. Ed. 2d 238 (1999) (internal citation omitted)(emphasis in original).

Here, a preponderance of the evidence shows that Mr. Moore's examination of the Premises, his conclusions, and expert report are sufficient to meet the liberal standard set forth in *Daubert*. Mr. Moore's experience, specialized knowledge, and training qualify him under Rule 702 as an origin & cause expert. Mr. Moore's technical, specialized knowledge will assist the trier of fact to identify and understand the facts in issue surrounding the possible origin & cause of the fire, details regarding the nature of the fire, burn patterns and other necessary information. Lastly Mr. Moore's testimony is based on his direct, personal examination of the Premises coupled with his 36 years of experience in fire investigations.

As outlined above, Mr. Moore's expert testimony should be deemed admissible by the Court and as such, based on Mr. Moore's testimony, Plaintiff has exhibited enough evidence to maintain that there exists a triable issue of fact.

## **POINT III**

## **PLAINTIFF DID NOT SPOLIATE EVIDENCE AT THE PREMISES**

## **ARGUMENT**

Defendant argues that Plaintiff's action should be dismissed as sanction for alleged spoliation as evidence. Plaintiff disagrees with this assertion regarding the timeline of events. Plaintiff claims that Defendant was given ample notice to conduct its inspection, and furthermore Defendant was independently on notice of the fire at the Premises based on its agents/employees being at the scene shortly thereafter.

On or around October 26, 2018, Plaintiff put Defendant on notice of the loss and gave Defendant until November 10, 2018 to contact Plaintiff. S*ee Exhibit A to Brief In Opposition to Exclude John Moore.* However, Defendant had prior notice of the fire on the day it occurred or the days immediately following the fire; in fact, Defendant sent employees and/or technicians to the Premises to make repairs, and took the cables in question. *Exhibit C to Motion to Exclude John Moore, deposition testimony of Litz, p. 25.* Defendant did not contact Plaintiff on or before November 10, 2018.

On November 29, 2018, Defendant faxed a letter to Plaintiff requesting to inspect the loss location and alleging that Defendant had sent an earlier letter on November 13, 2018. Both letters were allegedly sent after the deadline for Defendant's response. Plaintiff never received the November 13, 2018 letter and Defendant failed to provide any proof that the November 13, 2018 letter was sent. Regardless, the letter missed the deadline of November 10, 2018.At that time, Plaintiff advised Defendant that the Insured had demolished the Premises.

6377438.1

As such, there remains an issue of fact as to the timeline of when the scene was razed and as to when Defendant was first on notice of the loss. Furthermore, as Defendant's employees were sent to the scene to make repairs, Defendant was the entity to retain any damaged electrical conductors and/or cabling. As such, it was well within the control of Defendant to coordinate with Plaintiff to set up an opportunity to exam any evidence that Defendant's employees may have collected from the scene.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's Motion for Summary Judgement, together with such other and further relief as this Court deems just and proper.

Respectfully submitted on this 6th day of November, 2020.

Respectfully submitted,

NAUTILUS INSURANCE COMPANY

By:   /s/ Colin J. Gorman
Colin J. Gorman, Esq. (*Pro Hac Vice*)
Robert A. Stern, Esq. (*Pro Hac Vice*)
CLAUSEN MILLER, PC
28 Liberty Street, 39th Fl.
New York, NY 10005
(212) 805-3900 – Phone
(212) 805-3939 – Fax

-and-

Johneal M. White (VSB #74251)
GLENN ROBINSON CATHEY MEMMER & SKAFF, PLC
400 Salem Avenue, S.W., Suite 100
Roanoke, Virginia 24016
jwhite@glennrob.com
(540) 767-2200 – Phone

(540) 767-2220 – Fax
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark D. Loftis
Woods Rogers PLC
10 South Jefferson St., Ste. 1400
Roanoke, VA 24038-4125
*Counsel for Defendant*

/s/ Johneal M. White
   Of Counsel

10

6377438.1